| | | |
|---|---|---|
| **KATHLEEN GREEN-JOHNSON,** | § | |
| **Individually and On Behalf of All Others** | § | |
| **Similarly Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **V.** | § | |
| | § | **JURY TRIAL DEMAND** |
| **BP AMERICA PRODUCTION** | § | |
| **COMPANY, OM CONSULTING INC.** | § | |
| **D/B/A WISE MEN CONSULTANTS and** | § | |
| **FIRCROFT, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT - COLLECTIVE ACTION

## SUMMARY

1.      Plaintiff worked more than forty (40) hours in a workweek as an hourly-paid employee for BP America Production Company ("BP"), Om Consulting Inc. d/b/a Wise Men Consultants ("Wise Men") and Fircroft, Inc. ("Fircroft")(hereinafter collectively referred to as "Defendants"). Fircroft and Wise Men staff and manage hourly paid employees at BP.  BP manages these same employees at various projects where it assigns them to work throughout the United States. Consequently, Fircroft, Wise Men and BP formed a joint employment relationship with respect to Plaintiff and aforementioned staffed hourly paid employees.

2.      Plaintiff was an hourly-paid seismic sourcing consultant staffed by Fircroft and Wise Men at BP.  Her primary duty was to prepare documentation associated with drilling projects at BP.  Even though Plaintiff worked more than forty (40) hours in a workweek, Defendants paid her straight time for overtime hours.  That is, regardless of how many hours over forty Plaintiff worked, she was paid at the same hourly rate.

3.     No part of Plaintiff's compensation was based on a salary.

4.     Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

5.     Defendants likewise did not pay overtime to other similarly situated hourly-paid workers staffed by Fircroft and Wise Men at BP offices located throughout the United States.  Those other workers, hereinafter referred to as Class Members, should receive notice of their right to join this suit.

## SUBJECT MATTER JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Venue is proper in the Southern District of Texas, because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## PARTIES AND PERSONAL JURISDICTION

8.     Plaintiff, Kathleen Green-Johnson, is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached as Exhibit A to this complaint.

9.     The Class Members are all current and former hourly-paid workers who were staffed by Fircroft and Wise Men to work at BP's office locations nationwide during the three-year period before the filing of this complaint up to the present.

10.     Defendant Fircroft, Inc. is a for profit corporation organized under the laws of Delaware. This Defendant may be served with process by serving its registered agent as follows: Paul Ratcliffe, 5100 Westheimer Road, Suite 430, Houston, Texas 77056.

11.     Defendant BP America Production Company is a for profit corporation organized under the laws of Delaware.  This Defendant may be served with process by serving its registered agent as follows: CT Corporation System, 350 North St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

12.     Defendant OM Consulting Inc. d/b/a Wise Men Consultants is a for profit corporation organized under the laws of Texas.  This defendant does business under the following assumed names: Wise Men Consultants, 17th Floor, and Om Consulting Inc.  This Defendant may be served with process by serving its registered agent as follows: Juhi Ahuja, 1500 S. Dairy Ashford, Ste. 477, Houston, Texas 77077.

13.     This Court has personal jurisdiction over BP and Fircroft, because said Defendants purposefully availed themselves of the privileges and immunities of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

14.     Defendants BP and Fircroft have and continue to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

15.     In particular, Defendants BP and Fircroft contract with residents and businesses in Texas for its workforce.  Defendants advertise in Texas.  Defendants also have multiple offices in Texas.

16.     This cause of action arose from or relates to the contacts of Defendants with Texas residents, thereby conferring specific jurisdiction over said Defendants as well.

17.     In particular, Defendants BP and Fircroft employed Texas citizens and failed to pay them for all hours worked in accordance with the Fair Labor Standards Act.  This claim is based on the exact contact that Defendants have had with the forum state.

18.     Furthermore, Defendants BP and Fircroft engaged in activities constituting business in the State of Texas in that said Defendants contracted with Texas residents and performance of the agreements in whole or in part thereof was to occur in Texas, and the Defendants recruit or have recruited Texas residents for employment inside or outside this state.

## FLSA COVERAGE

19.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

20.     At all material times, each Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).   In the alternative Defendants formed a joint enterprise for purposes of coverage under the FLSA.

21.     At all material times, each defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22.      Furthermore, each Defendant has an annual gross business volume of not less than $500,000.

## FACTS

23.     Fircroft and Wise Men are nationwide staffing companies specializing in the staffing of employees in the oil and gas industry.  Fircroft and Wise Men provide said staffing services to BP.

24.     Fircroft and Wise Men contract with BP to provide hourly-paid workers at BP's offices nationwide.

25.     Plaintiff was an hourly paid employee staffed by Fircroft and Wise Men at BP's Houston, Texas office. (*See* Exhibit B – Sample Paystubs for Plaintiff from Fircroft and Wise Men).

26.     Wise Men staffed the Plaintiff at BP's Houston, Texas office from approximately the year 2005 through September of 2010.

27.     Fircroft staffed the Plaintiff at BP's Houston, Texas office from approximately September of 2010 to her last date of employment in April 2012.

28.     Plaintiff was given the job title of seismic sourcing consultant.

29.     Plaintiff's primary duty was to prepare documentation associated with various drilling projects at BP.

30.     Plaintiff was classified as a 1099 worker from approximately the year 2005 up to approximately September 2010.  After September 2010, she was classified as a W2 employee up to her last date of employment in April 2012.

31.     Ironically, Plaintiff performed the same duties and responsibilities while classified as a 1099 worker as she did when she was classified as a W-2 employee for tax purposes.

32.     Although Defendants required Plaintiff to work more than forty (40) hours per workweek, and did so frequently, Defendants did not compensate her at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  Instead, Defendants paid her a flat hourly rate for all hours worked, regardless of how many hours she actually worked. That is, Defendants paid Plaintiff straight time for overtime hours.

33.     No FLSA exemption applies to hourly-paid employees such as Plaintiff.  Plaintiff was not a teacher or attorney. Furthermore, Plaintiff was not a computer professional. Plaintiff was a nonexempt employee as no exemptions from overtime apply to hourly paid workers such as her.

34.     BP was the joint employer of Plaintiff.  The following is a list of facts demonstrating the employment relationship between BP and Plaintiff:

    a.  BP issued a parking permit to Plaintiff at its Houston, Texas office;

    b.  BP provided Plaintiff with a security identification tag, so she had access to BP's office;

    c.  BP supervised Plaintiff on a daily basis;

    d.  BP with Fircroft and Wise Men set the work schedule for Plaintiff;

    e.  BP provided training to Plaintiff;

    f.  BP provided Plaintiff with her work equipment, such as a computer, phone and other miscellaneous office equipment necessary for the completion of her work;

    g.  BP hired Plaintiff for an unspecified amount of time;

    h.  BP disciplined the Plaintiff;

    i.  Plaintiff worked only for BP, Wise Men and Fircroft from approximately 2005 through 2012;

    j.  BP issued its business cards to the Plaintiff;

    k.  BP assigned various tasks to Plaintiff while she worked on BP projects; and

    l.  BP provided Plaintiff with a BP email account.

35.     Fircroft was a joint employer of the Plaintiff.  The following is a list of facts demonstrating the employment relationship between Fircroft and the Plaintiff:

a. Fircroft screened the Plaintiff and performed a background check prior to hiring her;

b. Fircroft required the Plaintiff to provide it with a copy of her resume;

c. Fircroft required the Plaintiff to undergo a drug screen test;

d. Fircroft issued pay checks to the Plaintiff;

e. Fircroft withheld taxes;

f. Fircroft reported to the IRS that Plaintiff was its employee;

g. Fircroft provided Plaintiff with retirement benefits;

h. Fircroft provided Plaintiff with health, life, dental, vision, short and long term disability insurance policies;

i. Plaintiff was required to follow Fircroft's Drug, Alcohol and Firearms Policy;

j. Fircroft classified Plaintiff as an at will employee;

k. Fircroft required the Plaintiff to submit timesheets weekly;

l. Fircroft required the Plaintiff to submit her business and travel expenses for reimbursement;

m. Fircroft did not allow the Plaintiff to contract with other companies;

n. Fircroft required the Plaintiff to abide by its Health & Safety policy;

o. Fircroft provided the Plaintiff with a general and public liability insurance and Worker's Compensation Insurance Coverage;

p. Fircroft required the Plaintiff to abide by its Business Standards Policy, which states, in part, that Plaintiff cannot provide services to other without first seeking Fircroft approval; and

q. Fircroft required the Plaintiff to abide by its Workplace Harassment Policy.

36. Wise Men was a joint employer of the Plaintiff. The following is a list demonstrating the employment relationship between Wise Men and the Plaintiff:

    a. Wise Men required Plaintiff to provide it with a copy of her resume;

    b. Wise Men issued pay checks to the Plaintiff;

    c. Wise Men required the Plaintiff to submit her business and travel expenses for reimbursement;

    d. Wise Men classified Plaintiff as an at will employee; and

    e. Wise Men required the Plaintiff to submit timesheets weekly through BP's website.

37. Despite these facts, Defendants failed to pay Plaintiff at the federally mandated rate of time and a half for overtime worked as statutorily required of an employer pursuant to the FLSA.

38. The independent contractor label was a ruse to avoid paying overtime. As such, Defendants' method of paying Plaintiff in violation of the FLSA was willful, and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA.

## JOINT EMPLOYER RELATIONSHIP
## FIRCROFT, WISE MEN & BP

39. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

40. As noted above, Defendants BP, Wise Men and Fircroft formed a joint employment relationship with respect to the Plaintiff and Class Members.

41. Defendants had an interrelation of operations between the companies, centralized control of labor relations, common control, and a common business purpose regarding the staffing of BP hourly paid employees.

42.     Furthermore, Defendants possessed the power to hire and fire the Plaintiff and Class Members, supervised and controlled their work schedules or conditions of employments, determined their rate and method of payment, and maintained their employment records.

43.     Defendants shared control over the hours worked by Plaintiff and Class Members.

44.     Defendants shared control over the training provided to Plaintiff and Class Members.

45.     Defendants shared control over the work of Plaintiff and Class Members.

46.     Defendants shared control over the daily tasks assigned to the Plaintiff and Class Members.

47.     Defendants maintained Plaintiff's employment records, such as but not limited to her resume, employment application, background check documentation, pay and time records.

48.     Defendants determined Plaintiff's and Class Members' rate of pay and method of pay.

49.     Defendants did not permit the Plaintiff and Class Members to provide their services to other companies.

50.     Plaintiff and Class Members performed work integral to Defendants' oil and gas business.

51.     Defendants maintained communication with Plaintiff and Class Members regarding the status of their work.

52.     Defendants provided guidance on how each assigned task was to be performed by Plaintiff and Class Members.

53.     Defendants provided work equipment and supplies to Plaintiff and Class Members.

54.     Defendants required Plaintiff and Class Members to be at work during set hours to perform the tasks assigned.

55.     Defendants' operations were unified throughout a geographic territory – the United States.

56.     Fircroft and Wise Men operated as the de facto HR department for BP employees they staffed.

57.     Defendants jointly screened, interviewed and hired hourly-paid workers, such as Plaintiff, for the workforce to be used at BP offices.

58.     Defendants had the power to fire the Plaintiff and Class Members' employment at any time.

59.     Fircroft and Wise Men issued Plaintiff's paychecks based on hours Plaintiff worked that were approved by BP.

60.     Defendants were unified in providing oil and gas services through the employees staffed at BP offices nationwide.

61.     As joint employers, Defendants are jointly and severally liable for all damages suffered by Plaintiff and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) per workweek.  Plaintiff worked with other Fircroft and Wise Men staffed hourly-paid employees at BP's office, and as such, has personal knowledge of their existence, status as BP/Fircroft/Wise Men employees, hourly pay compensation scheme, and the wage violation of straight time for overtime alleged in this complaint.

63.     Other employees similarly situated to Plaintiff worked for Defendants in a similar capacity, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

64. Fircroft has provided more than 100 workers for BP in the United States during the last three years who were paid an hourly rate.

65. Such workers worked more than 40 hours per week during at least one week in the last three years.

66. Such workers were at times not paid one and one-half times their regular hourly rate.

67. Wise Men has provided more than 100 workers for BP in the United States during the last three years who were paid an hourly rate.

68. Such workers worked more than 40 hours per week during at least one week in the last three years.

69. Such workers were at times not paid one and one-half times their regular hourly rate.

70. Fircroft has provided more than 25 workers to BP during the last three years at the same office where Plaintiff worked.

71. Some of these employees were paid on an hourly basis.

72. Some of these employees worked more than 40 hours in a work week at some point during the last three years.

73. Some of these employees were not paid one and one-half times their regular hourly rate during at least one week when they worked more the 40 hours.

74. Wise Men has provided more than 25 workers to BP during the last three years at the same office where Plaintiff worked.

75. Some of these employees were paid on an hourly basis.

76. Some of these employees worked more than 40 hours in a work week at some point during the last three years.

77.     Some of these employees were not paid one and one-half times their regular hourly rate during at least one week when they worked more the 40 hours.

78.     Although Defendants permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

79.     The Class Members perform or have performed the same or similar work as Plaintiff.

80.     Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

81.     Class Members are not exempt from receiving overtime under the FLSA.

82.     As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime.

83.     Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

84.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Class Members.

85.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

86.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

87.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class

Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

88.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class includes all current and former hourly paid workers, irrespective of their classification by Defendants as employees or independent contractors, who were staffed by Fircroft or Wise Men to work at BP's offices nationwide during the three-year period before the filing of this Complaint up to the present. The class does not include teachers, attorneys, computer professionals as defined under the FLSA or truck drivers subject the Federal Motor Carrier Act.**

## PLAINTIFF'S AND CLASS MEMBERS' OVERTIME WAGE CLAIM

89.     Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

90.     Defendants' practice of failing to pay Plaintiff and Class Members for all hours over forty at the federally mandated time-and-a-half rate violates the FLSA. *See* 29 U.S.C. § 207.

91.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or to Plaintiff and Class Members.

92.     The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

## OVERTIME WAGE DAMAGES SOUGHT

93.     Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

94.     Plaintiff and Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 USC § 216(b).

95.     Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 USC § 216(b).

**JURY DEMAND**

96.     Plaintiff and Class Members hereby demand a trial by jury.

**PRAYER**

97.     For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

a.      Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.      An equal amount as liquidated damages as allowed under the FLSA;

c.      Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

d.      Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, LLP

By:   _/s/ Galvin B. Kennedy_____
        Galvin B. Kennedy
        State Bar No. 00796870
        Federal Bar No. 20791
        gkennedy@kennedyhodges.com
        711 W. Alabama St.
        Houston, TX  77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

ATTORNEY-IN-CHARGE FOR
PLAINTIFF & CLASS MEMBERS

OF COUNSEL:
Ricardo J. Prieto
State Bar No. 24062947
Federal Bar No. 1001658
rprieto@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116