IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATHLEEN GREEN-JOHNSON § <br> Individually and On Behalf of All § <br> Others Similarly Situated, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BP AMERICA PRODUCTION § <br> COMPANY, OM CONSULTING INC. § <br> D/B/A WISE MEN CONSULTANTS § <br> and FIRCROFT, INC., § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:12-cv-01307 <br><br> JURY TRIAL DEMAND |

## DEFENDANT FIRCROFT, INC.'S ORIGINAL ANSWER

Defendant FIRCROFT, INC. ("Fircroft" or "Defendant") hereby answers the Complaint of Plaintiff KATHLEEN GREEN-JOHNSON ("Plaintiff" or "Green-Johnson") and submits the following affirmative defenses as follows:

### I. ADMISSIONS AND DENIALS

1. Defendant lack sufficient knowledge to admit or deny the facts or allegations set for in paragraph 1 with respect to BP America Production Company (hereinafter "BP") and OM Consulting Inc. d/b/a Wise Men Consultants (hereinafter "Wise Men"). Defendant denies that Plaintiff worked more than forty (40) hours in as an hourly paid employee for BP, Wise Men and Fircroft. Plaintiff worked more than forty (40) hours in a workweek as an hourly-paid employee of Fircroft, Inc. Defendant denies that Fircroft manages hourly paid employees at BP. Defendant denies that Fircroft manages hourly paid employees at Wise Man. Defendant admits that Fircroft and BP formed a joint employment relationship with respect to Plaintiff. Defendant denies that Fircroft and Wise Men formed a joint employment relationship with respect to

1

Plaintiff. Defendant lacks sufficient knowledge to admit or deny the facts or allegations that Fircroft and BP formed a joint employment relationship with respect to staffed hourly paid employees.

2. Defendant lacks sufficient knowledge to admit or deny the facts or allegations set for in paragraph 2 with respect to BP and Wise Men. Defendant denies the allegations set forth in paragraph 2 with respect to Fircroft that Plaintiff was a seismic outsourcing consultant. Defendant admits that Plaintiff's pay was based on an hourly rate. Defendant denies that [Plaintiff's] primary duty was to prepare documentation associated with drilling projects at BP. Defendant admits that Even though Plaintiff worked more than forty (40) hours in a workweek, Defendant paid her straight time for overtime hours. Defendant admits that regardless of how many hours over forty Plaintiff worked, she was paid at the same hourly rate.

3. Defendant lacks sufficient knowledge to admit or deny the facts or allegations set for in paragraph 2 with respect to BP and Wise Men. Defendant admits Plaintiff was paid hourly.

4. Defendant lacks sufficient knowledge to admit or deny the facts or allegations set for in paragraph 2 with respect to BP and Wise Men. Defendant denies that Defendant's conduct violated the FLSA.

5. Defendant lacks sufficient knowledge to admit or deny the facts or allegations set for in paragraph 2 with respect to BP and Wise Men. Defendant denies that a similarly situated class of employees exists as alleged by Plaintiff, or that such alleged class members should receive notice of this suit.

6. Defendant admits to the jurisdiction of this court as stated in paragraph 6.

7. Defendant admits that venue in this court is proper as set forth in paragraph 7.

786542

8. Defendant lacks sufficient knowledge to admit or deny Plaintiff's county of residence as alleged in paragraph 8 but admit that Plaintiff's written consent from to this action is attached as Exhibit A to Plaintiff's complaint.

9. Defendant lacks sufficient information to either admit or deny the allegations set forth in paragraph

10. Defendant admits that Fircroft, Inc. is a for profit corporation organized under the laws of Delaware. This Defendant may be served with process by serving its registered agent as follows: Paul Ratcliffe, 5100 Westheimer Road, Suite 430, Houston, Texas 77056. Defendant was served through its registered agent Paul Ratcliffe at Defendant's current address, 3 Riverway, Suite 825, Houston, Texas 77056.

11. Defendant lacks sufficient information to either admit or deny the allegations set forth in paragraph 11.

12. Defendant lacks sufficient information to either admit or deny the allegations set forth in paragraph 12.

13. Defendant admits the allegations set forth in paragraph 13 with respect to Fircroft only as stated I paragraph 13. Defendant lacks sufficient knowledge to admit or deny the allegations set for in paragraph 13 with respect to BP.

14. Defendant admits the allegations set forth in paragraph 14 with respect to Fircroft only. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 14 with respect to BP.

15. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 15 with respect to BP. Defendant admits that Fircroft contracts with residents and

businesses in Texas as alleged in paragraph 15. Defendant admits that it advertises in Texas. Defendant denies that it has more than one office in Texas as alleged in paragraph 15.

16. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 16 with respect to BP. Defendant admits the allegations set forth in paragraph 16 with respect to Fircroft only.

17. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 17 with respect to BP. Defendant admits the allegations set forth in paragraph 17 with respect to Fircroft only.

18. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 18 with respect to BP. Defendant admits the allegations set forth in paragraph 18 with respect to Fircroft only.

19. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 19 with respect to BP or Wise Man. Defendant admits the allegations set forth in paragraph 19 with respect to Fircroft only.

20. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 20 with respect to BP or Wise Man. Defendant denies that it was ever an enterprise with the other Defendants as alleged in paragraph 20.

21. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 21 with respect to BP or Wise Man. Defendant admits that it was engaged in commerce, but denies that it was an enterprise as alleged in paragraph 21.

22. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 22 with respect to BP or Wise Man. Defendant admits the allegations set forth in paragraph 22 with respect to Fircroft only.

4

23. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 23 with respect to BP or Wise Men. Fircroft denies that it is a staffing company, provides staffing services or provides staffing services to BP. Fircroft is a recruiting company hired by BP to seek out candidates for specific positions posted by BP.

24. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 24 with respect to BP or Wise Men. Defendant admits that it contracts with BP to provide hourly-paid workers at BP's offices in Houston, Texas.

25. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 25 with respect to Wise Men. Defendant admits that Plaintiff was an hourly paid employee recruited by Fircroft and to fill a position at BP's Houston, Texas office.

26. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 26 with respect to Wise Men.

27. Defendant admits that Defendant recruited Plaintiff to work at BP's Houston, Texas office from approximately September of 2010 to her last date of employment in April 2012.

28. Defendant denies the allegations set forth in paragraph 28. The job for which Plaintiff was recruited and placed was Seismic Data Analyst.

29. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 29. Defendant did not have control of or knowledge of Plaintiff's primary duties.

30. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 30 for the period pre-dating the beginning of Plaintiff's relationship with Fircroft in September 2010. Defendant admits that Plaintiff was classified as a W-2 employee after September 2010, up to her last date of employment by Fircroft in April 2012.

786542

31. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 31. Defendant did not have control of or knowledge of Plaintiff's primary duty while Plaintiff was employed by Fircroft nor does it have any knowledge as to what duties or responsibilities Plaintiff has when employed as a 1099 worker by Wise Men.

32. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 31 with respect to BP or Wise Men. Defendant denies that it required Plaintiff to work more than forty (40) hours per workweek. Defendant admits the remainder of the allegations set forth in paragraph 32.

33. Defendant denies the allegations set forth in paragraph 33.

34. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 34(a)-(l) with respect to Defendants BP and Wise Men. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 34(a)-(c), (e)-(h) and (j)-(l) as Defendant retained no right to control Plaintiff. Defendant denies the allegations set for in paragraph 34(d) that Fircroft set the work schedule for Plaintiff. Defendant denies the allegations set forth in paragraph 34(i) Plaintiff worked only for Fircroft from approximately 2005 through 2012. Plaintiff was placed by Fircroft from 2007 to 2012.

35. Defendant denies it was a joint employer of Plaintiff. Defendant denies that the list of facts as alleged in paragraph 35(a)-(q) demonstrate the employment relationship between Fircroft and Plaintiff as alleged. Defendant admits the allegations set forth in paragraphs 35(a) – (q). Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 36(a)-(e) with respect to Defendants BP and/or Wise Men.

36. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 36(a)-(e) with respect to Defendants BP and/or Wise Men.

37. Defendant admits it did not pay Plaintiff at the rate of time and one half for hours she worked.

38. Defendant denies the allegations as set for in paragraph 38.

39. This paragraph does not appear to require admission or denial. In an abundance of caution, Defendant denies any factual allegations consistent with its prior responses.

40. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 40 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 40.

41. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 41 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 41.

42. Defendant denies the class of employees as alleged by Plaintiff in paragraph 42 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 42 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 42.

43. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 43 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 43.

44. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 44 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 44.

786542

45. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 45 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 45.

46. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 46 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 46.

47. Defendant admits the allegations as set forth in paragraph 47.

48. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 48 with respect to Defendants BP and/or Wise Men. Defendant admits the allegations as set forth in paragraph 48.

49. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 49 with respect to Defendants BP and/or Wise Men. Defendant admits the allegations as set forth in paragraph 49.

50. Defendant denies the class of employees as alleged by Plaintiff in paragraph 50 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 50 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 50.

51. Defendant denies the class of employees as alleged by Plaintiff in paragraph 51 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 51 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 51. Communications with Plaintiff were at all times initiated by Plaintiff or communications regarding pay, benefits, and the job assignment itself.

Communication between Defendant and Plaintiff were not substantive as to the status of Plaintiff's actual work being performed at BP or the status thereof.

52. Defendant denies the class of employees as alleged by Plaintiff in paragraph 52 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 52 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 52.

53. Defendant denies the class of employees as alleged by Plaintiff in paragraph 53 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 53 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 53.

54. Defendant denies the class of employees as alleged by Plaintiff in paragraph 54 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 54 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 54.

55. Defendant denies the class of employees as alleged by Plaintiff in paragraph 55 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 55 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 55.

56. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 56 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 56.

57. Defendant denies the class of employees as alleged by Plaintiff in paragraph 57 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in

paragraph 57 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 57. Defendant recruited and interviewed Plaintiff as a candidate for the BP's job posting. BP screened and interviewed Plaintiff separately and not jointly with Defendant. Defendant hired Plaintiff following BP's acceptance of Plaintiff as a submitted candidate. Defendant did not screen, interview or hire any party jointly with Wise Men.

58. Defendant denies the class of employees as alleged by Plaintiff in paragraph 58 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 58 with respect to Defendants BP and/or Wise Men. Defendant admits the allegations as set forth in paragraph 58.

59. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 59 with respect to Defendants BP and/or Wise Men. Defendant admits that it issued Plaintiff's paychecks based on hours submitted to Defendant which purported to be approved by BP.

60. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 59 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 60.

61. Defendant denies the class of employees as alleged by Plaintiff in paragraph 61 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 61 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 61.

62. Defendant denies the class of employees as alleged by Plaintiff in paragraph 62 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in

paragraph 62 with respect to Defendants BP and/or Wise Men. Defendant denies that admits the allegations as set forth in paragraph 62.

63. Defendant denies the class of employees as alleged by Plaintiff in paragraph 63 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 63 with respect to Defendants BP and/or Wise Men. Defendant lacks sufficient information to either admit or deny the remaining allegations in this paragraph.

64. Defendant admits the allegations set forth in paragraph 64.

65. Defendant denies the allegations set forth in paragraph 65, in that not all workers as alleged worked the hours alleged. Defendant admits that some of the alleged workers worked more than 40 hours in the last three years.

66. Defendant admits that some of the workers identified in paragraph 66 were not paid the hourly rate as alleged, adding that many such workers are properly classified as exempt, or are otherwise not employees under the FLSA.

67. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 67 with respect to Defendant Wise Men.

68. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 68 with respect to Defendant Wise Men.

69. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 69 with respect to Defendant Wise Men

70. Defendant lacks sufficient information to know the exact office location of employees referred to BP in the last three years as alleged in paragraph 70.

71. Defendant admits that some of the employees provided to BP by Fircroft were paid based on an hourly rate.

11

786542

72. Defendant admits that some of the employees recruited by Fircroft to work at BP in the last three years worked more than 40 hours in one week at some point.

73. Defendant admits the allegations set forth in paragraph 73, although denies that all such employees were entitled to the hourly rate alleged.

74. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 74 with respect to Defendant Wise Men.

75. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 75 with respect to Defendant Wise Men.

76. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 76 with respect to Defendant Wise Men.

77. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraphs 77 with respect to Defendants Wise Men.

78. Defendant denies the class of employees as alleged by Plaintiff in paragraph 78 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 78 with respect to Defendants BP and/or Wise Men. Defendant denies the allegations as set forth in paragraph 78.

79. Defendant denies the class of employees as alleged by Plaintiff in paragraph 79 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 79 with respect to BP and/or Wise men. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 79. Defendant is not in control of, does not direct and has not factual knowledge of the actual work performed by Plaintiff or any other alleged Class Member.

786542

80. Defendant denies the class of employees as alleged by Plaintiff in paragraph 80 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 80.

81. Defendant denies the class of employees as alleged by Plaintiff in paragraph 81 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 81.

82. Defendant denies the class of employees as alleged by Plaintiff in paragraph 82 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 82.

83. Defendant denies the class of employees as alleged by Plaintiff in paragraph 83 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 83 with respect to BP and/or Wise men. Defendant denies the allegations set forth in paragraph 83.

84. Defendant denies the class of employees as alleged by Plaintiff in paragraph 84 exists. Defendant denies the allegations set forth in paragraph 84.

85. Defendant denies the class of employees as alleged by Plaintiff in paragraph 85 exists. Defendant denies the allegations set forth in paragraph 85.

86. Defendant denies the class of employees as alleged by Plaintiff in paragraph 86 exists. Defendant denies the allegations set forth in paragraph 86.

87. Defendant denies the class of employees as alleged by Plaintiff in paragraph 87 exists. Defendant denies the allegations set forth in paragraph 87.

88. Defendant denies the class of employees as alleged by Plaintiff in paragraph 88 exists.

89. This paragraph does not appear to require admission or denial. In an abundance of caution, Defendant denies any factual allegations consistent with its prior responses.

90. Defendant denies the class of employees as alleged by Plaintiff in paragraph 90 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 90 with respect to Defendants BP and Wise Men. Defendant denies the remaining allegations set forth in paragraph 90.

91. Defendant denies the class of employees as alleged by Plaintiff in paragraph 91 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 91 with respect to Defendants BP and Wise Men. Defendant denies the remaining allegations set forth in paragraph 91.

92. Defendant denies the class of employees as alleged by Plaintiff in paragraph 92 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 92 with respect to Defendants BP and Wise Men. Defendant denies the remaining allegations set forth in paragraph 92.

93. Defendant denies the class of employees as alleged by Plaintiff in paragraph 93 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 93 with respect to Defendants BP and Wise Men. Defendant denies the remaining allegations set forth in paragraph 93.

94. Defendant denies the class of employees as alleged by Plaintiff in paragraph 94 exists. Defendant lacks sufficient knowledge to admit or deny the allegations set forth in paragraph 94 with respect to Defendants BP and Wise Men. Defendant denies the remaining allegations set forth in paragraph 94.

786542

95. Defendant denies the class of employees as alleged by Plaintiff in paragraph 95 exists. Defendant denies the allegations set forth in paragraph 95.

96. Defendant denies the class of employees as alleged by Plaintiff in paragraph 96 exists. Defendant admits to Plaintiff's request for a jury trial Defendants admit to Plaintiff's request for a jury trial.

97. Defendant denies the class of employees as alleged by Plaintiff in paragraph 97 exists. Defendant denies the allegations set forth in paragraph 97 contained under the heading "PRAYER" in that Defendant denies that Plaintiff is entitled to any relief.

98. Defendant denies the allegations set forth in paragraph 52 contained under the heading "PRAYER" in that Defendant denies that Plaintiff is entitled to any relief.

## II. AFFIRMATIVE DEFENSES

99. Defendant acted in good faith and with reasonable grounds for believing that its actions were not a violation of the FLSA, and did not willfully violate the FLSA; therefore, liquidated damages should not be awarded as provided in 29 U.S.C. § 260. Specifically, Defendant investigated the job duties and pay requirements of a computer professional to determine if Plaintiff is exempt or non-exempt under the FLSA.

100. Any alleged violations of the FLSA were not willful and therefore, any claims for overtime pay that occurred more than two years prior to the date Plaintiff filed his Complaint is barred by the two-year statute of limitations stated in 29 U.S.C. § 255.

101. Any alleged violations of the FLSA are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, 29 U.S.C. § 255.

102. Plaintiff's claims are barred, or recovery should be offset, by the after-acquired evidence doctrine, if applicable.

15

786542

103. Plaintiff and the individuals he seeks to represent in a collective action are only entitled to one satisfaction for any established unlawful conduct.

104. Defendant acted in conformity with interpretations of the FLSA as applicable.

105. The individuals in the collective action that Plaintiff seeks to represent must be limited to those individuals who opt-in to this action.

106. Plaintiff is not an adequate representative of the individuals she seeks to represent in her collective action.

107. Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action.

108. The individuals that Plaintiff seeks to represent in a collective action do not have sufficient common or typical issues, and are thus snot similarly situated, to warrant collective relief.

109. Any of Plaintiff's claims for pre-judgment interest or judgment for same are improper because, should the Court award Plaintiff any prejudgment interest, the Court would be awarding Plaintiff a double recovery on his claims for damages, if any are due, in violation of provisions of the Constitution of the United States and/or of the Constitution of the State of Texas.

110. Defendant reserves the right to serve additional affirmative defenses as appropriate after an opportunity to engage in discovery.

786542

Respectfully submitted,

/s/ Sidney C. Watts
SIDNEY C. WATTS, Lead Attorney
**HOOVER SLOVACEK LLP**
State Bar No. 24041839
Federal ID No. 567108
5847 San Felipe, Suite 2200
Houston, Texas 77057
(713) 977-8686
(713) 977-5395 fax

ATTORNEYS FOR DEFENDANT,
FIRCROFT, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 13th day of June 2012, a true and correct copy of the foregoing DEFENDANT FIRCROFT, INC.'S ORIGINAL ANSWER was served on all counsel and parties in this matter, by electronic notice using the CM/ECT system and by United States first class mail, as follows:

Galvin B. Kennedy
Kennedy Hodges LLP
711 West Alabama
Houston, Texas 77006

Timothy Mitchell Watson
Seyfarth Shaw LLP
700 Louisiana, Suite 3700
Houston, Texas 77002

/s/ Sidney C. Watts
Sidney C. Watts

786542