## COMPROMISE SETTLEMENT AGREEMENT AND RELEASE

This Compromise Settlement Agreement and Release ("**Agreement**") is made by and among KATHLEEN GREEN-JOHNSON("**Representative Plaintiff**"), individually and on behalf of all other persons similarly-situated, on the one hand, and FIRCROFT, INC., a Delaware corporation licensed to do business in Texas, its parents, subsidiaries, affiliates, their respective past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel, and/or agents whether in their official or personal capacity, and each of their respective successors and assigns (collectively, the "**Company**"). The term "Company" shall specifically exclude OM Consulting, Inc. d/b/a Wise Men Consultants, BP Exploration Operating Company, Ltd. and BP Corporation North America, Inc. The Representative Plaintiff, all persons similarly-situated to the Representative Plaintiff, and the Company shall be referred to jointly as the "**Parties**" and singularly as a "**Party**."

### PREAMBLE

WHEREAS, Representative Plaintiff, Kathleen Green-Johnson is an individual who maintains her principal place of residence in Houston, Texas;

WHEREAS, the Company is a corporation organized under the laws of Delaware with a principal place of business in Houston, Texas, and is authorized to do business in the State of Texas;

WHEREAS, the Representative Plaintiff has brought a civil collective action against the Company captioned *Green-Johnson v Fircroft Inc., et al., Case No. 4:12-cv-1307*, filed in the Southern District of Texas, Houston Division (the "**Lawsuit**"), alleging violations of the Fair Labor Standards Act (29 USC §§ 201 et seq., hereinafter "**FLSA**" );

WHEREAS, the Representative Plaintiff, through her counsel, Galvin B. Kennedy, Esq., Kennedy Hodges LLP, 711 West Alabama Street, Houston, TX 77006 (proposed "**Collective Action Counsel**"), filed claims asserted in the Lawsuit pursuant to 29 U.S.C. § 216(b) on behalf of herself and other persons who either currently or formerly work/worked for the Company;

WHEREAS, the Parties agreed on the notice of rights, consent form and procedure for opting into this Lawsuit;

WHEREAS, the Company denies that it has committed any wrongdoing or violated any state or federal law pertaining to the payment of wages or hours of work and has defended the claims asserted in the Lawsuit;

WHEREAS, the Parties, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement, believe that the settlement as provided in this Agreement is in each of their own best interests and, Collective Action Counsel, as counsel for the Opt-in Plaintiffs (as defined below in Section 1.2) and the Representative Plaintiff, each specifically and separately agrees that the settlement as provided in this Agreement is in the best interests of the Opt-in Plaintiffs and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, pursuant to this Agreement, the Parties desire and intend to settle the claims made in the Lawsuit on a collective action basis;

WHEREAS, the Parties desire and intend to seek Court approval of the settlement of the Lawsuit as set forth in this Agreement (the "**Approval Order**") and to seek an entry of Final Dismissal from the Court, dismissing with prejudice the claims of the Representative Plaintiff and all Opt-in Plaintiffs as set forth herein;

WHEREAS, the Parties desire to compromise, resolve, and settle the claims, allegations and causes of action asserted in the Lawsuit, finally and forever, in order to avoid the uncertainty, time, and expense which would accompany the Lawsuit.

NOW, THEREFORE, in consideration of the covenants and mutual promises and agreements herein contained, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

## 1.0.    Case Background/Jurisdiction

1.1.    The Representative Plaintiff filed the Lawsuit against the Company on behalf of herself and all others similarly-situated as a collective action under Section 216(b) of the FLSA on April 25, 2012.  The Representative Plaintiff asserted claims against the Company, alleging that it violated the FLSA by not paying either minimum wages or overtime as required by law. All claims pending in the Lawsuit are to be resolved by this Agreement. The Representative Plaintiff also asserted claims against her former employers, OM Consulting, Inc. D/B/A Wise Men Consultants ("Wise Men") and BP Corporation North America, Inc., BP Exploration Operating Company, Ltd. (jointly "BP") arising from employees who were placed with BP by Wise Men, and who for those respective periods were not employees of the Company. This Agreement shall have no effect on any claims Representative Plaintiff and putative class members have against OM Consulting, Inc. D/B/A Wise Men Consultants ("Wise Men") and BP Corporation North America, Inc., BP Exploration Operating Company, Ltd. for the periods of time Wise Men placed them to work with the BP entities. The parties have no intention of making Wise Men or BP third party beneficiaries of this Agreement for such claims.

1.2.    Putative class members who fall within the class definition will receive notice of the Lawsuit, and will have 30 days from the date notice is mailed to opt-in by returning a Consent Form to Collective Action Counsel ("Opt-in Period").  Individuals who opt-in on or before the deadline will be considered "**Opt-in Plaintiffs,**" and are referred to as Opt-in Plaintiffs in this Agreement.

1.3.    The Court has jurisdiction over the Parties and the subject matter of the Lawsuit. If the Agreement is approved by the Court, the Court will retain jurisdiction of the action solely with respect to the claims resolved by this Agreement and solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

## 2.0.    Approval of Settlement.

2.1.    All terms of this Agreement are contingent upon the approval of the Court.

2.2.    The Parties and their counsel will, contemporaneously with their execution of this Agreement, execute a Joint Motion for Final Approval of Settlement (the "Joint Motion"), to be filed with the court, seeking final approval of their proposed settlement, as evidenced by the Approval Order.

2.3.    The Parties agree that if the Court does not approve any material term in the Agreement or the Joint Motion, or requires as a condition to granting the Joint Motion any term that effects a material change in this Agreement, then this Agreement may be voided at any Party's option, and, if voided, the Parties will agree to extend any necessary deadlines in the Lawsuit, or, where necessary, request the Court to do so.

3.0.    **Total Settlement Fund and Division.**

3.1.    Company shall pay a **"Total Settlement Fund"** in the amount of $⬛

3.2.    The Total Settlement Fund shall then be divided as follows:

3.2.1.    40% (forty percent) or $⬛ of the Total Settlement Fund shall be paid as attorney's fees to Kennedy Hodges, LLP.

3.2.2.    ⬛ of the Total Settlement Fund shall be paid to Kennedy Hodges, LLP as reimbursed case expenses. Kennedy Hodges, LLP's actual expenses are higher, but they have agreed to reduce them under this Agreement.

3.2.3.    The remaining amount of the Total Settlement Fund of $⬛ shall be made available to each of the Opt-in Plaintiffs and the Representative Plaintiff identified on the spreadsheet attached as Exhibit 1.

3.2.4.    Representative Plaintiff and each Opt-in Plaintiff shall receive one and a half times the amount listed on Exhibit 1 as payment of unpaid wages and liquidated damages. Each payment shall specifically set out the amount of unpaid wages and the amount of liquidated damage.

3.2.5.    In the event that the total amount payable to the Opt-in Plaintiffs and the Representative Plaintiff under paragraph 3.2.4 exceeds $⬛ the funds shall be disbursed on a pro rata basis among all such Plaintiffs based on Exhibit 1.

4.0.    **Incentive Award for Class Representative**

4.1.    In addition to the Total Settlement Fund, Company shall also pay to the Representative Plaintiff an incentive award of $⬛ for her services as the representative of the opt-in class members. Payment shall be made in at the same time specified for the payment of the Total Settlement Fund set out in Article 5 of this Agreement.

**5.0.**   **Timing of Payment of Total Settlement Fund.**

      5.1.   Within ten (10) days after the Opt-in Period, Company shall mail settlement checks to each Opt-in Plaintiff in accordance with the division of the Total Settlement Fund described above.   The checks shall be mailed to the addresses identified on the Consent Forms, unless otherwise agreed to by the Parties. Within ten (10) days after the Opt-in Period, Company shall tender to Kennedy Hodges, LLP the amount indicated above as fees and expenses. Within ten (10) days after the Opt-in Period, Company shall tender to Representative Plaintiff the incentive award set out in 4.1 herein.

**6.0.**   **Releases.**

      6.1.   In consideration of the payments, benefits, agreements, and other consideration to be provided by the Company as described in the Agreement, the Representative Plaintiff and the Opt-in Plaintiffs for themselves and for their heirs, executors, administrators, and their respective successors and assigns, hereby RELEASE and FOREVER DISCHARGE, except as described below, the Company and named defendants BP Corporation North America, Inc., BP Exploration Operating Company, Ltd. for and its respective stockholders, subsidiaries, divisions, affiliates, its respective current and former officers, directors, employees, attorneys, trustees, agents, whether as individuals or in their official capacity, and each of its respective successors and assigns to the maximum extent permitted by law, of and from all claims, actions, demands, causes and causes of action for unpaid wages that were brought or that could have been brought in this Lawsuit, specifically including by way of example but not limitation, claims and causes of action under the FLSA, Texas Labor Code and/or other state or local law regulating hours of work, expenses incurred in connection with work, wages, the payment of wages, the payment of overtime compensation, and the payment of minimum wage compensation.  This release applies to all claims for unpaid wages, but it does not apply to other claims such as, by way of example only, claims under Title VII, claims for personal injury, claims under ERISA, claims under the Age Discrimination Act (ADEA) and tort claims.  With respect to BP Corporation North America, Inc., BP Exploration Operating Company, Ltd. and its related entities, this release is limited to only that time period when Representative Plaintiff and Opt-in Plaintiffs were assigned by Company to work for the BP entities.

**7.0.**   **Settlement of All Claims.**

      7.1.   Upon execution of this Agreement and compliance with all conditions of this Agreement, all claims and potential claims for unpaid wages and expenses of the Opt-in Plaintiffs against the Company, including, but not limited to, claims for wages, back pay, overtime, liquidated damages, costs, interest and attorneys' fees, and without admission that the Representative Plaintiff and/or the Opt-in Plaintiffs have established that any such claims have any merit or that the Opt-In Plaintiffs and Representative Plaintiff have incurred any damages, shall be deemed settled, satisfied, and resolved with respect to the issues resolved by this Agreement.

7.2.    The Company has agreed to settlement with the Representative Plaintiff and Opt-in Plaintiffs.  Nothing in this Agreement or the settlement between the Parties is intended to waive the Company's right to object to the size, composition and/or definition of a class if any of the putative class members in the Lawsuit do not opt-in to this settlement and later bring claims against the Company or BP for their placement with BP by the Company.   The Company's agreement to the Opt-in class, as set forth herein, is for settlement purposes only, and is not an admission that such a class is reasonable or appropriate.

## 8.0.    Dismissal of Action.

8.1.    Upon approval of the settlement terms and upon order of the Court, the Parties agree that this Lawsuit and all claims and causes of action brought in the Lawsuit shall be dismissed as against the Company with prejudice to the filing or refiling of same, and without the taxing of any court costs to any party, except to the extent otherwise expressly provided in this Agreement.

8.2.    Upon approval of the settlement terms and upon order of the Court, the Parties agree that this Lawsuit and all claims and causes of action brought in the Lawsuit shall be dismissed as against BP Corporation North America, Inc. and BP Exploration Operating Company, Ltd., with prejudice only for those employees who were placed with BP by the Company during the relevant time period set forth in the Lawsuit.  Neither Representative Plaintiff nor any Opt-in Plaintiff shall have his or her claims dismissed against the BP entities for any periods of time they were placed by Wise Men to work for the BP entities.

8.3.    Such dismissals in 8.1 and 8.2 shall apply to the Representative Plaintiff and as to all Opt-In Plaintiffs.  Except to the extent specifically provided herein, each of the Parties, including each of the Opt-in Plaintiffs, shall be responsible for his, her, or its own attorneys' fees and costs incurred in connection with prosecuting and/or defending the Lawsuit.

8.4.    Pending dismissal of the Lawsuit, the Parties will execute an Agreement to Stay all Discovery with respect to Company and with respect to BP for those employees placed with BP by Company.  Such Agreement will stay all such discovery in the Lawsuit until the Court makes a determination regarding settlement approval.  The Agreement to Stay shall have no effect on Representative Plaintiff's right to conduct discovery with respect to her claims against Wise Men and the BP entities for the periods when employees were placed by Wise Men with the BP entities.

## 9.0.    Miscellaneous.

9.1.    **Complete Agreement.**  Other than as stated herein, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore.  This Agreement contains and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, oral and written representations, agreements, commitments, and writings in connection therewith.  This Agreement may not be amended or modified except by a writing signed by an authorized representative of each of the Parties.  Except as set forth expressly herein, each of the Parties

specifically disclaims any reliance on any representations, disclosures, or non-disclosures of any of the other Parties hereto in connection with his, her, or its decision to enter into this Agreement.

9.2. **Knowing and Voluntary Agreement.** The Representative Plaintiff agrees that she is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. The Representative Plaintiff further affirms that she has not been coerced, threatened, or intimidated into signing this Agreement and that she is solely relying on her own judgment and the advice of her counsel in deciding to enter this Agreement.

9.3. **Severability.** If any part of this Agreement is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed, and enforced to affect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held to be excessively broad in scope, subject matter, or otherwise, so as to be unenforceable as written, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent allowed under applicable law.

9.4. **Joint Preparation.** This Agreement and all attached exhibits shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such Party.

9.5. **Counterparts.** This Agreement may be signed in multiple counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties, and together shall constitute one and the same instrument.

9.6. **Interpretation of the Agreement.** The Agreement shall be interpreted and enforced under the laws of the State of Texas without regard to its conflict of law provisions. Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the United States District Court for the Southern District of Texas, Houston Division, and the Parties hereby consent to the personal jurisdiction of the Court in connection therewith.

9.7. **Non-Retaliation.** The Company warrants and agrees that it shall take no actions to retaliate against the Representative Plaintiff and Opt-in Plaintiffs.

9.8. **Preservation of Rights.** Nothing in this Agreement shall limit or abridge the Company's right to exercise any and all of its lawful rights, whether in contract or otherwise and all such rights are explicitly preserved.

**IN WITNESS WHEREOF,** the Parties and their duly authorized attorneys have caused this Agreement to be executed on the dates set forth below.

*[notarized signature pages follow]*

Representative Plaintiff:

Kathleen Green-Johnson                    February 19, 2013
Kathleen Green-Johnson                    Date

THE STATE OF TEXAS          §
                            §
COUNTY OF HARRIS            §

     BEFORE ME, the undersigned authority, on this date personally appeared Kathleen Green-Johnson, known to me to be the person whose signature is subscribed to the foregoing Settlement Agreement, who acknowledged to me that he executed the same for the purposes and consideration therein expressed and as a voluntary act and deed.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE on this _19th_ day of February, 2013.

Notary Public in and for the State of Texas

[SEAL]

> JENNY GAVRANOVIC
> Notary Public, State of Texas
> My Commission Expires
> November 28, 2015

Defendant Fircroft, Inc.

By: ___PNaurcli_____    ___3|1|13_____
      Paul Ratcliffe                     Date

Its:   Regional Director USA

THE STATE OF TEXAS       §
                             §
COUNTY OF HARRIS        §

     BEFORE ME, the undersigned authority, on this date personally appeared Paul Ratcliffe in this capacity as Regional Director USA for Fircroft, Inc., known to me to be the person whose signature is subscribed to the foregoing Settlement Agreement, who acknowledged to me that he executed the same for the purposes and consideration therein expressed and as a voluntary act and deed.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE on this 1st day of ~~February,~~ March

2013.

_____
Notary Public in and for the State of Texas

[S E A L]



LOWRI S. THOMAS
Notary Public, State of Texas
My Commission Expires
November 24, 2014

Exhibit 1

| Representative Plaintiff and Opt-In Plaintiff | Address | Agreed Amount |
|---|---|---|
| Eaguero, Kathy | 4414 Morelos Road<br>Baytown, TX 77521 | |
| Ahmad, Naveed | 20218 Broad Run Lane<br>Richmond, TX 77407 | |
| Albright, William | 5418 Mountain View Creek Court<br>Spring, TX 77379 | |
| Alford, Gary | 15530 Valley Creer Drive<br>Houston, TX 77095 | |
| Anaya, Valerie | 707 Calle Grillo<br>Santa Fe, NM 87505 | |
| Andrews, Evelyn | 9404 West Rd. #526<br>Houston, TX 77064 | |
| Barnes, Darwin | 3702 Dry Creek Drive<br>Pasadena, TX 77505 | |
| Bode, David | 14 Blooming Grove Lane<br>Houston, TX 77077 | |
| Botten, Stanley | 14106 Cross Glade<br>Houston, TX 77044 | |
| Brown, Bryttani | 6511 Glen Canyon Ct.<br>Katy, TX 77450 | |
| Brown, Cynthia | 6003 Wolfboro Drive<br>Houston, TX 77041 | |
| Burton, Charles | 12937 Westella<br>Houston, TX 77077 | |
| Charles, Lakendra | 3220 Northwood Ave.<br>Toledo, OH 43606 | |
| Cole, Tommy | 42272 FM 1458<br>Brookshire, TX 77423 | |
| Coughlin, Heidi | 534 Cambridge Drive<br>Oregon, OH 43616 | |
| Crawford, Becky | 1416 Wilson Drive<br>Rosenburg, TX 77471 | |
| Darrah, Jennifer | 1800 N. McCord Rd., Apt. 73<br>Toledo, OH 43615 | |
| Daza, Gerardo | 1333 Eldridge Pkwy, # 1137<br>Houston, TX 77077 | |

| | | |
|---|---|---|
| Deans, Scott | 113 W. 55th Street<br>Austin, TX 78751 | |
| Dorsey, Jonna | 12850 Whittington Drive, #1209<br>Houston, TX 77077 | |
| Dumas, Carlton | 5336 Rondeau<br>Toledo, OH 43615 | |
| Elery, Rae | 327 E. Jefferson Street<br>Blissfield, MI 49228 | |
| Fitzpatrick, Jennifer | 29218 Kearsley St<br>Millbury, OH 43447 | |
| Frank, Catherine | 7118 La Entrada Drive<br>Houston, TX 77083 | |
| Freaney, Chris | 5407 Mood Indigo Lane<br>Katy, TX 77494 | |
| Fucile-Sanchez, Terri | 1706 Davon Lane<br>Nassau Bay, TX 77058 | |
| Glasgow, Carole | 19914 Flax Flower Drive<br>Richmond, TX 77407 | |
| Green-Johnson, Kathleen | 12800 Briar Forest, Unit 21<br>Houston, TX 77077 | |
| Griggs, Gary | 22607 Goldston Drive<br>Katy, TX 77450 | |
| Grisham, Salina | 19430 Cypress Cliff Drive<br>Katy, TX 77449 | |
| Hamilton, Amanda | 3226 Pintail<br>Katy, TX 77494 | |
| Harris, Danny | 37 Greentree Lane<br>Conroe, TX 77304 | |
| Heaton, Kevin | 4611 Woodrow Ave.<br>Galveston, TX 77551 | |
| Herron, Camille | 14504 Briar Forest, #628<br>Houston, TX 77077 | |
| Hickey, Patrick | 919 Fairgate Drive<br>Houston, TX 77094 | |
| Hughes, Brenda | 16623 Creek Trail<br>Houston, TX 77084 | |
| Hutton Jr., Kenneth | 5447 Burgess Drive<br>Sylvania, OH 43560 | |
| Janik, Dan | 22515 Wetherburn Lane<br>Katy, TX 77449 | |
| Joern, Karl | 12006 Knobcrest Drive<br>Houston, TX 77070 | |

| | | |
|---|---|---|
| Johnson, John "Ian" | 9200 Westheimer Rd, #1805<br>Houston, TX  77065 | |
| Johnson, Linda | P.O. Box 19794<br>Houston, TX 77224 | |
| Kamal, Tausif | 11004 Rankin Dr.<br>Frisco, TX  75038 | |
| King, Keith | 25030 W. River Road<br>Perrysburg, OH 43551 | |
| Macaluso, Anthony | 1810 Barleton Way<br>Houston, TX  77058 | |
| Mayfield, James | 3691 County Road 326<br>Alvin, TX  77511 | |
| McKay, Linda | 14503 Basalt Lane<br>Houston, TX  77077 | |
| Mineo, Kevin | 811 Highland St.<br>Houston, TX  77009 | |
| Mostert, Ferdinand | 4609 E. Sandra Terrace<br>Phoenix, AZ 85032 | |
| Muchisky, Linda | 6304 Pickens St. # A<br>Houston, TX  77074 | |
| Munoz, Juan | 3938 Waverly Bend<br>Katy, TX  77450 | |
| Neumann, Scott | 14215 Northface Manor Ct.<br>Cypress, TX  77429 | |
| Parrott, Franklin | 22414 Park Point Dr.<br>Katy, TX  77450 | |
| Payne-Noble, Mary Beth | 10311 Dyer Glen<br>Houston, TX  77070 | |
| Peterson, Edward | 7177 Beechwood Rd.<br>Athens, OH 45701 | |
| Pida, Kulsoom | 10922 Corona Lane<br>Houston, TX  77072 | |
| Potter, Wayne | 25503 Fairbrook Lane<br>Spring, TX  77373 | |
| Powell, Cherie | 14210 Ashland Landing<br>Cypress, TX  77429 | |
| Rooney, Theresa | 310 Nottingham Oaks Trail<br>Houston, TX  77079 | |
| Ryan, Rosalind | 2403 Wagon Run<br>Sugarland, TX  77479 | |
| Scott, David | 4519 Oxbrow Circle E<br>Fulshear, TX  77441 | |
| Senna, Diana | 12526 Milbanks Drive | |

| | Houston, TX  77031 | |
|---|---|---|
| Street, Ronald | 15900 W. Smith Road<br>Elmore, OH 43616 | |
| Sykes, Gregory | 29139 Fox Creek Dr., Apt. 3a<br>Perrysburg, OH 43551 | ████ |
| Webb, Kevin | 305 Estate Drive<br>Houma, LA  70364 | ████ |
| Werner, Wesley | 1023 Stoney Hill Drive<br>Houston, TX  77077 | ████ |
| Willis, Terry | 27511 Flemind Bluff Court<br>Katy, TX  77494 | ████ |
| York, Lyndsey | 2503 Cascade Glen Drive<br>Katy, TX  77494 | ████ |
| Zale, Barbara | 111 Cove Lane, #104<br>Rossford, OH 43460 | ████ |