UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHLEEN GREEN-JOHNSON, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:12-CV-01307 |
| | § § | JURY TRIAL DEMAND |
| BP EXPLORATION OPERATING COMPANY LTD., BP CORPORATION NORTH AMERICA INC., OM CONSULTING INC. D/B/A WISE MEN CONSULTANTS and FIRCROFT, INC., | § § § § § § | |
| Defendants. | | |

## SECOND AMENDED JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CLAIMS

Plaintiff Kathleen Green-Johnson, ("Representative Plaintiff") on behalf of herself and all others similarly-situated who have filed consent forms to join this collective action (the "Plaintiffs"), and Defendant Fircroft, Inc. ("Fircroft") (collectively, the "Parties") hereby file this Joint Motion to Approve Settlement and Dismiss All Claims, and, in support thereof, respectfully show the Court as follows:

### I.     Background.

The Representative Plaintiff filed this lawsuit against Fircroft on behalf of herself and all other similarly-situated employees as a collective action under Section 216(b) of the Fair Labor Standards Act (the "FLSA") on April 25, 2012. The Representative Plaintiff was employed by Fircroft as a seismic sourcing consultant/seismic data analyst, which required her to prepare documentation associated with various oil drilling projects. The Representative Plaintiff alleged Fircroft violated the FLSA by not paying overtime as required by law. The Representative

Plaintiff alleges that Fircroft paid the Representative Plaintiff on a straight hourly basis without the FLSA's mandated time and half multiplier for overtime. She also alleges that other employees who worked for Fircroft in a similar capacity were also not paid overtime.

Fircroft denies the Representative Plaintiff's allegations and specifically maintains that its compensation policies comply with the requirements of the FLSA. Fircroft further states that it acted in good faith at all times with regard to its belief that its compensation policies complied with the FLSA. Further, Fircroft maintains that it did not willfully violate the FLSA.

On February 8, 2013, the Parties reached an agreement to resolve the Representative Plaintiff's claims and all claims for any putative class member who opts into this lawsuit by the deadline. The Settlement Agreement is attached hereto as Exhibit "A." The Parties jointly request that the Court approve the settlement.

## II.     The need for court approval.

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid overtime and minimum wage brought pursuant to the FLSA which is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Id.* Because the FLSA "makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay." *Id.* "Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id., citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Instead, most courts recognize only two valid ways by which an individual can release or settle a FLSA claim: 1) a DOL-supervised settlement under 29 U.S.C. § 216(c); or 2) a court-approved stipulation of settlement. *Lynn's Food Stores,* 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA suit). Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are to be approved by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn Foods*, 679 F.2d at 1354. While the Parties have decidedly different views of the merits of this case, the Parties agree the settlement is fair, reasonable and represents a reasonable compromise of the disputed issues in this case.

Recently the Fifth Circuit in *Martin v. Spring Break '83 Production*, 688 F.3d 247 (5th Cir. 2012) determined that private, arm's length negotiations between employer and employee to resolve wage and hour claims are enforceable even in the absence of court approval. Nevertheless, given that the settlement agreement affects the rights of the opt-in class members, Court supervision and approval is requested.

### III. The Settlement Is Fair And Reasonable In Light Of The Uncertainty Of The Outcome.

The Parties' Settlement is fair and reasonable because significant uncertainty exists in this case with respect to the facts and the legal standards that will be used. In particular, Representative Plaintiff claims that she is a non-exempt employee under the FLSA and that Fircroft's violations of the FLSA were willful and not in good faith. Likewise, Representative Plaintiff contends that she worked more than 40 hours per week. Fircroft, on the other hand, contends that Representative Plaintiff is not eligible for overtime compensation because she was

either an independent contractor or an exempt employee, depending on the employment period in question. Significant dispute also remains about the amount of hours Plaintiff worked each week.

Finally, the Parties disagree on whether Representative Plaintiff can satisfy her burden to demonstrate Fircroft acted willfully when it allegedly violated the law, which in turn affects whether Representative Plaintiff can recover any damages alleged for two (2) years or three (3) years prior to the filing of the Complaint. Representative Plaintiff contends that Fircroft will not be able to meet its burden to prove that it acted in good faith, which would implicate the amount, if any, of liquidated damages Plaintiffs could recover if they prevail on their underlying claims. Fircroft maintains that, at all times, it acted in good faith, and damages (if any) should be recovered only for a two (2) year period.

Due to the directly conflicting factual allegations and differing views on the applicable law, the Parties have agreed that the amounts reflected in the Settlement Agreement are in the best interest of the Parties. In particular, the Settlement Agreement allows the Representative Plaintiff and all opt-in class members to recover more than the total of their alleged unpaid wages, plus an additional amount attributable to liquidated damages, and an additional fixed amount attributable to incurred attorneys' fees. The settlement allows the Parties to resolve the claims at issue without the necessity or delay of trial and possible appeals. In exchange for these payments, the Representative Plaintiff agrees to release Fircroft from any and all wage claims she may have against Fircroft, including, but not limited to, claims for wages, back pay, overtime, liquidated damages, costs, interest and attorneys' fees. Plaintiff also agrees to release Defendants BP Corporation North America, Inc. and BP Exploration Operating Company LTD,

their subsidiaries, parents and affiliates ("BP"), for those employees placed at BP by Fircroft in accordance with the Settlement Agreement.

Fircroft has agreed to fund a settlement account that will be sufficient to compensate Plaintiffs for claims of unpaid overtime, attorney's fees and costs.

With respect to the opt-in class members, the Settlement Agreement is fair because it provides for a settlement based upon the actual hours recorded by each potential opt in member that were paid at a regular rate of pay, instead of the overtime rate. Attached to the Settlement Agreement is a list of the seventy (70) employees of Fircroft that all parties agree are all of the employees that are potentially similarly situated to Representative Plaintiff. Unpaid wages have been calculated for each of these employees in the same manner as the Representative Plaintiff. That is, the amount of money the parties agree each employee is owed is one and one half times his or her unpaid wages. This formula gives consideration to both the back pay allegedly owed and includes some liquidated damages. Further, in exchange for this payment, the opt-in class members will release their claims for unpaid wages only. They will not release claims that are not specifically identified in the Settlement Agreement. The opt in class members and the Representative Plaintiff will share in the total settlement funds proportionately to the number of weeks they worked in the relevant period, at their set hourly rate.

In order to effectuate the notice for the class of opt-ins, Plaintiff's counsel will, within 10 days of the entrance of an order approving this settlement, mail the notice attached hereto as Exhibit "B" to the addresses of each opt-in class member. Those opt-in class members will have 30 days to respond to the Notice of Rights and claim their proportional share of the award. All parties have agreed that Exhibit "B" correctly describes the current disposition of the case and provides accurate instructions on how an employee may opt-in. In the event that the amount of

opt-in class members who join the settlement is sufficient to extinguish the settlement funds, each award will be reduced on a pro-rata basis according to the number of hours worked by each opt-in class member. Based on historical opt-in rates in cases similar to this one, it is probable that the representative Plaintiff and each opt in Plaintiff will recover close to two times their alleged overtime owed even after fees and expenses are paid to class counsel.

In addition to the payments owed to Representative Plaintiff as a class member as enunciated in the Settlement Agreement, Fircroft shall pay Representative Plaintiff an incentive award of ▬▬▬ for serving as class representative. Such minimal awards are common in collective actions and are designed to compensate the Representative Plaintiff for her work in representing the class members. Kathleen Green-Johnson actively worked on the case and served as an advocate and championed the rights of the other workers throughout this litigation. An incentive award of ▬▬▬ on top of her share of the total settlement fund is fair and reasonable given that this case has been on file for over eight months. Lastly, Fircroft has agreed to pay attorneys' fees as outlined in the attached Settlement Agreement for Collective Action Counsel and ▬▬▬ as reimbursable case expenses. The parties agree that this fee represents a reasonable fee for the work performed on this particular claim.

Lastly, the representative Plaintiff and potential opt-in Plaintiffs are not settling or releasing claims they have against Defendant OM Consulting, Inc. d/b/a Wise Men Consultants or against the BP Defendants for those employees whom Wise Men assigned to work for the BP Defendants during the relevant time periods.

WHEREFORE, Plaintiff Kathleen Green-Johnson, on behalf of herself and all other similarly-situated class members, and Defendant Fircroft, Inc. respectfully requests that the

Court issue an order approving the Settlement Agreement and dismissing this case with prejudice as set forth in the proposed Final Judgment.

Dated: March 28, 2013.

Respectfully submitted,

HOOVER SLOVACEK LLP

By:/s/ Sidney C. Watts
Sidney C. Watts
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: (713) 977-8686
Facsimile (713) 977-5395

**ATTORNEY FOR DEFENDANT FIRCROFT, INC.**

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
Galvin B. Kennedy
State Bar No. 00796870
gkennedy@kennedyhodges.com
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**ATTORNEY IN CHARGE FOR PLAINTIFFS & CLASS MEMBERS**

## CERTIFICATE OF SERVICE

I certify that this document was served on all parties on March 28, 2013 via the Southern District's CM/ECF system.

*/s/ Galvin B. Kennedy*
Galvin B. Kennedy