## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KATHLEEN GREEN-JOHNSON, Individually and On Behalf of Certain Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 4:12-CV-01307 ) |
| v. | ) ) ) |
| BP EXPLORATION OPERATING COMPANY LTD., BP CORPORATION NORTH AMERICA INC., and OM CONSULTING INC. D/B/A WISE MEN CONSULTANTS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by Kathleen Green-Johnson, Jay

Humphrey, John Sadd and Shannon Green (collectively referred to as "Plaintiffs"), and

Defendants, BP Exploration Operating Company Ltd. and BP Corporation North America Inc.

(together referred to as "BP"), and Defendant OM Consulting Inc. d/b/a Wise Men Consultants

("Wise Men"), in the above-captioned action (Defendants BP and Wise Men will be collectively

referred to as "Defendants"). Plaintiffs and Defendants collectively will be referred to as the

"Parties."

### I.    Procedural History

(a) In this action, Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C.

§§ 201 et seq. ("FLSA") ("Lawsuit"). Plaintiffs allege that they were not paid time and one-half

their regular hourly rate of pay for hours worked in excess of forty (40) per week. Plaintiff

Green-Johnson also alleges that she worked hours for which she received no compensation.

(b)  At a December 3, 2013 private mediation before Mediator Trey Bergman, the Parties reached and agreed upon a settlement of all actual or potential claims.

## II.    Settlement Benefits Under Agreement

### A.    Gross Settlement Amount

The gross amount of the benefits available under this Agreement ("Gross Settlement Amount") is ███████████████████████████████████ The Gross Settlement Amount includes: (a) the negotiated settlement payments for distribution to Plaintiffs as set forth in this Section II; and (b) a separately negotiated award of attorneys' fees and costs as set forth in this Section II.

### B.    Individual Class Member Payments

(1)  Payments to Plaintiffs will be made in good and sufficient funds as follows:

| Kathleen Green Johnson | $ ███████████ |
|---|---|
| Jay Humphrey | $ ███████████ |
| John Sadd | $ ██████████ |
| Shannon Green | $ ██████████ |

(2)  One-half of the payment made to each Plaintiff is subject to required tax withholdings.  Each Plaintiff receiving a payment shall receive an IRS Form W-2 reflecting one-half of the payment and an IRS Form 1099 reflecting the other half of the payment.  Plaintiffs agree to indemnify and hold harmless all Defendants from any and all tax liability or penalties that may be owed by all Plaintiffs or Defendants, to any governmental entity or unit, as a result of this Agreement.

(3) Plaintiff Green-Johnson also shall receive a payment in the gross amount of ██████ ████████████ as an incentive award.  She will receive an IRS Form 1099 for this

- 2 -

payment. This payment will be made within thirty (30) days after the dismissal of the Lawsuit as set forth in Section IV of this Agreement.

(4) This Settlement shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any employee benefits (e.g., 401(k) plans, retirement plans, etc.). The Parties agree that the payments to Plaintiffs under the terms of this Agreement do not represent any modification of Plaintiffs' previously credited hours of service, if any, or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendants. Further, the payments made to Plaintiffs shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Defendants.

## C. Attorneys' Fees and Costs

The payments to Plaintiffs shall not be reduced pursuant to the contingent fee agreements signed by Plaintiffs. Rather, the Parties have negotiated independently with respect to attorney's fees, costs and expenses. Defendants will pay a negotiated fee (inclusive of all costs and expenses) equal to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮, separate and apart from the Class Members' payments, to the law firm of Kennedy Hodges LLP ("Plaintiffs' Counsel"). Plaintiffs' counsel and Plaintiffs shall receive Form 1099s reflecting the payments for attorneys' fees and costs for each Plaintiff as follows:

| | |
|---|---|
| Kathleen Green Johnson | ▮▮▮▮▮▮ |
| Jay Humphrey | ▮▮▮▮▮ |
| John Sadd | ▮▮▮▮▮ |
| Shannon Green | ▮▮▮▮▮ |

**III.    Distribution Of Plaintiffs' Payments And Attorneys' Fees And Costs Payment**

The payment to Plaintiffs and to Plaintiffs' Counsel shall be made in good and sufficient funds within thirty (30) days after dismissal of the Lawsuit as set forth in Section IV of this Agreement.  Defendants shall prepare the motion for Court approval.

**IV.    Dismissal Of Lawsuit**

At the same time the Parties file a motion to approve this Agreement, the Parties shall file a motion or stipulation for the dismissal with prejudice of the Lawsuit.

**V.    Waiver And Release**

(1)    Plaintiffs have had the opportunity to read the entire Agreement and to talk to Plaintiffs' Counsel about the rights and obligations under this Agreement.

(2)    Plaintiffs know that, under this Waiver and Release, they are giving up potential or actual claims against various persons and entities.  Plaintiffs also know that, under this Waiver and Release, they are giving up the right to sue for potential or actual claims against various persons and entities.

(3)    Plaintiffs represent and agree that they are making an informed, knowledgeable and voluntary decision to sign this Agreement, including the Waiver and Release.  Plaintiffs believe it is in their best interest to sign so they will be able to receive the money provided by the Agreement and avoid the uncertainty and risk of proceeding with the Lawsuit.

(4)    Plaintiffs waive and release Defendants from all claims, demands, rights, liabilities, suits and causes of action of every nature, kind and description, whether based on any state, federal, or local law, arising under or relating to their association with or relationship to Defendants, including the claims asserted or which could have been asserted in the Lawsuit.  For purposes of this Agreement, Defendants include: (a) BP and Wise Men, and their past and

- 4 -

present parents, subsidiaries, affiliates, officers, directors, shareholders, employees, members and agents, and (b) all other persons or entities against whom Plaintiffs could have brought a claim against arising under or relating to their association with or relationship to Defendants, including the claims asserted or which could have been asserted in the Lawsuit.

(5)     Each Plaintiff further agrees to not file or join, or accept any monetary payment or benefit from, any legal action in which claims covered by this Agreement are or could have been asserted.

## VI.    Non-Admission

Nothing in this Agreement should be construed as an admission of any wrongdoing by Defendants or any other person or entity.

## VII.    This Settlement Is Fair, Adequate And Reasonable

The Parties believe this Settlement is a fair, adequate and reasonable settlement of the Lawsuit and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations and exchange of information.

## VIII.    Amendment Or Modification

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

## IX.    Entire Agreement

This Agreement constitutes the entire agreement regarding the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any Plaintiffs concerning this Agreement other than the representations, warranties and covenants contained and memorialized in this Agreement.

### X.   Submission Of Agreement For Court Approval Under Seal Or By In Camera Review And Court Approval

The Parties agree to submit the Agreement for Court approval under seal or by in camera review.  This Agreement will not be affected if the Court denies approval under seal or in camera review.  If denied, the Parties will re-submit the Agreement for Court approval. However, this Agreement is subject to and conditioned upon Court approval (see Article XI).

### XI.   Agreement Subject To Certain Conditions

This Agreement is contingent on the following conditions: this Agreement shall be null and void, and any order entered by the Court in furtherance of the Agreement shall be treated as void ab initio, in the event: (i) the Court does not grant approval of this Agreement; or (ii) the Court grants approval on terms substantively different than those set forth in the Agreement.

### XII.   Authorization To Enter Into Settlement Agreement

Counsel for all Parties warrant and represent they are expressly authorized by their clients to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of this Agreement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement this Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

### XIII.  Binding On Successors And Assigns

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto.

### XIV. Applicable Law

This Agreement shall be governed by and interpreted according to the laws of the State of Texas.

### XV. Counterparts

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts. Signatures transmitted by fax or PDF shall have the same effect as an original ink signature.

### XVI. Jurisdiction Of The Court

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

_____
Kathleen Green-Johnson

Dated: 03/27/2014

_____
Shannon Green

Dated: 03/25/2014

_____
Jay Humphrey

Dated: 03/25/2014

_____
John Sadd

Dated: 03/29/2014

_____

Galvin B. Kennedy
State Bar No. 00796870
Kennedy Hodges, L.L.P.
711 W. Alabama Street
Houston, TX 77098
713.523.0001
713.523.1116 (fax)
Email: gkennedy@kennedyhodges.com

Attorneys for Plaintiffs

_____

Patrick M. Flynn
Patrick M. Flynn, P.C.
State Bar No. 07199200
1225 North Loop West, Suite 1000
Houston, TX 77008
713.861.6163
713.961.5566 (fax)
Email: pat@pmfpc.com

Attorney for Wise Men

_____

Thomas J. Piskorski
Illinois ARDC 06181258
Seyfarth Shaw LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois 60603
312.460.5000
312.460.7000 (fax)
Email: tpiskorski@seyfarth.com

Rachel M. Hoffer
S.D. Tex. No. 1006076
SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
713.225.2300
713.225.2340 (Fax)
rhoffer@seyfarth.com

Attorneys for BP

- 8 -